IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

**Plaintiff**

v.

$20,485.00 IN U.S. CURRENCY,

**Defendant.**

CIVIL NO. 20-

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

TO THE HONORABLE COURT:

COMES NOW, plaintiff, the United States of America, by and through its undersigned attorneys, W. Stephen Muldrow, United States Attorney for the District of Puerto Rico; Héctor E. Ramírez-Carbó, Assistant United States Attorney, Chief, Civil Division and Maritza González, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

This is a civil action in rem brought to enforce the provisions of Title 21, United States Code, Sections 841(a)(1) and 881(a)(6); and Title 18, United States Code, Sections 1956(a)(1)(B)(i), 1957(a) and 981(a)(1)(A).

## DEFENDANT IN REM

The defendant currency seized by Drug Enforcement Administration ("DEA") agents consists of: $20,485.00 U.S. Currency.

1

JURISDICTION AND VENUE

This Court has subject matter jurisdiction over an action commenced by the United States pursuant to Title 28 United States Code, Section 1345; over an action for forfeiture pursuant to Title 28, United States Code, Section 1355; and over this particular action pursuant to Title 21, United States Code, Sections 841(a)(1) and 881(a)(6); and Title 18, United States Code, Sections 1956(a)(1)(B)(i), 1957(a) and 981(a)(1)(A).

This Court has in rem jurisdiction over the defendant currency pursuant to Title 28, United States Code, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1355(b)(1)(B) (the defendant currency is found in this district).

Venue is proper in this district pursuant to Title 28, United States Code, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1395 (the defendant currency is found in this district).

BASIS FOR FORFEITURE

This is a civil action in rem brought to enforce the provisions of Title 21, United States Code, Section 881(a)(6) and Title 18, United States Code, Section 981(a)(1)(A).

FACTS

The facts and circumstances supporting the seizure and forfeiture of the defendant currency are contained in the Title 28, United States Code, Section 1746 unsworn declaration of the DEA, Special Agent, Danielle Kluger attached hereto, and incorporated herein as if fully stated.

CLAIM FOR RELIEF

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant currency be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant currency condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 10th day of March 2020.

W. STEPHEN MULDROW
United States Attorney

*s/Héctor E. Ramírez-Carbó*
**Héctor E. Ramírez-Carbó**
Assistant U.S. Attorney
Chief, Civil Division
U.S.D.C. PR No. 214902
350 Carlos Chardón Street
Torre Chardón
Hato Rey, Puerto Rico 00918
Tel. (787) 766-5656
Fax. (787) 771-4050
Email: hector.e.ramirez@usdoj.com

*s/ M. González*
**Maritza González-Rivera**
Assistant U.S. Attorney
U.S.D.C. PR No. 208801
350 Carlos Chardón Street
Torre Chardón
Hato Rey, Puerto Rico 00918
Tel. (787 766-5656
Fax. (787) 771 4050
Email: maritza.gonzalez@usdoj.gov

VERIFIED DECLARATION

I, Maritza González, Assistant U.S. Attorney, for the District of Puerto Rico, declare under penalty of perjury as provided by Title 28, United States Code, Section 1746, the following:

That the foregoing Complaint is based on reports and information furnished to me by the DEA; that everything contained therein is true and correct to the best of my knowledge and belief.

Executed in San Juan, Puerto Rico, this 10th day of March 2020.

s/ M. González
**Maritza González-Rivera**
Assistant U.S. Attorney

VERIFIED DECLARATION

I, Danielle Kluger, DEA Special Agent, declare as provided by Title 28, United States Code, Section 1746, the following:

I have read the contents of the foregoing Complaint for Forfeiture in Rem and the attached unsworn declaration thereto, and I find the same to be true and correct to the best of my knowledge and belief. I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico, this 10th day of March 2020.

Danielle Kluger, Special Agent
Drug Enforcement Administration

4

## UNSWORN DECLARATION IN SUPPORT OF FORFEITURE COMPLAINT

## INTRODUCTION

Pursuant to Title 28, United States Code, Section 1746, I, Danielle Kluger, Special Agent, of the United States Department of Justice, Drug Enforcement Administration, declare under penalty of perjury that the foregoing is true and correct:

## PROFESSIONAL BACKGROUND

I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7). I am, therefore, an officer who is empowered to conduct criminal investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section, 2516.

I have been a Special Agent with the Drug Enforcement Administration for over ten months. As a Special Agent, I have been sworn to enforce the laws of Title 21, United States Code, and related offenses under Title 18, United States Code. I have received sixteen weeks of training at the Drug Enforcement Administration Academy at Quantico, VA. In addition, I have received twenty-four weeks of training at the Federal Law Enforcement Training Center at Glynco, GA and Cheltenham, MD. I am currently assigned to the Airport Investigations and Tactical Team (AirTAT) Caribbean Division, San Juan, PR Office.

During my law enforcement career, I have received detailed instruction in and conducted various complex conspiratorial investigations concerning the unlawful importation and distribution of controlled substances; the laundering and concealment of drug proceeds; and the illegal use of communication facilities by drug traffickers in furtherance of their criminal activities.

Through investigations and training, I am familiar with narcotics smuggling techniques, the types and amounts of profits made by drug dealers, and the methods, language and terms used to disguise the source and nature of the profits from their illegal activities. Also, your Declarant has received extensive training in the detection of drug diversion activities, among others.

Based on my training and experience, I know that: drug traffickers accumulate large amounts of U.S. currency from the sale of narcotics and they routinely attempt to conceal and disguise the source of those funds. Drug traffickers rarely include any type of instructions of the proceeds unlike legitimate business or gifts where a note, letter, receipt, card or coupons are included with the cash or monetary instruments. Narcotic traffickers are known to conduct financial transactions using low denomination currency to perform their business. In most cases, narcotics payments have been primarily in ten dollar and twenty dollars denominations. Narcotics traffickers are known to store or keep their narcotics sales proceeds near or in the same vicinity as the controlled substances, thus transferring the odor of narcotics to the currency In order to conceal the odor of narcotics, drug traffickers and money proceeds couriers package the currency using diverse concealment methods in order to avoid detection. Furthermore, Puerto Rico is known as a drug trafficking and money laundering destination due to the narcotics traveling up north from Puerto Rico to the United States and in return the money comes back to Puerto Rico.

This Unsworn Declaration is submitted in support of a civil forfeiture action, which involves the offenses detailed in:

a. Title 21, <u>United States Code</u>, Section 881(a)(6) - all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for controlled substance or listed chemical in violation of the subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter; and

b. Title 18, <u>United States Code</u>, Section 981(a)(1)(A) - the following property is subject to forfeiture to the United States: any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.

Therefore, I have not set forth each and every fact learned during the course of this investigation.

## ITEM TO BE FORFEITED

This unsworn declaration is offered in support of a civil complaint for the forfeiture of the following seized asset: $20,485.00 in U.S. Currency.

## BASIS FOR FACTS CONTAINED IN THIS UNSWORN DECLARATION

I make this unsworn declaration, on information and belief derived from the following source:

On October 31, 2019, members of the Drug Enforcement Administration (DEA) Airport Investigations and Tactical Team (AirTAT) conducted routine interdiction operations at the Luis Muñoz Marin International Airport (LMMIA) in Carolina, Puerto Rico. The AirTAT is a joint federal, state and local law enforcement investigative

initiative specifically designed to identify, infiltrate, disrupt and dismantle narcotics trafficking and bulk currency smuggling organizations operating in Puerto Rico.

At approximately 12:09 p.m., SA Kluger, TFO Gonzalez, TFO Colon, and TFO Lebron conducted a consensual encounter with Esteban RODRIGUEZ-Escobar. RODRIGUEZ-Escobar was traveling from Fort Lauderdale, Florida to San Juan, Puerto Rico, via Southwest flight #963. SA Kluger, TFO Gonzalez, TFO Colon, and TFO Lebron observed RODRIGUEZ-Escobar arrive to the Southwest baggage claim area, upon deplaning.

After observing RODRIGUEZ-Escobar collect his suitcase from the Southwest baggage claim belt, SA Kluger, TFO Gonzalez, TFO Colon, and TFO Lebron approached RODRIGUEZ-Escobar, identified themselves as law enforcement officers, and advised him they were conducting routine airport interdictions and requested permission to ask a few questions. TFO Gonzalez advised RODRIGUEZ-Escobar that he was not under arrest and could leave at any time. RODRIGUEZ-Escobar agreed to be interviewed. RODRIGUEZ-Escobar reported to be traveling alone. RODRIGUEZ-Escobar reported that he traveled from Tampa, Florida to San Juan, Puerto Rico with a layover in Fort Lauderdale, Florida. RODRIGUEZ-Escobar stated that he was in San Juan, Puerto Rico to visit his daughter. TFO Gonzalez asked RODRIGUEZ-Escobar if he was in possession of any contraband or a large amount of currency. RODRIGUEZ-Escobar stated he was carrying approximately $9,000 in United States Currency (USC).

TFO Gonzalez requested permission from RODRIGUEZ-Escobar to have the K-9 inspect his luggage. RODRIGUEZ-Escobar agreed and placed his suitcase on the floor. PRPD K-9 "Jazz," handled by PRPD Agent Wilfredo Figueroa Calcano, conducted a

sniff of the suitcase and his purse and positively alerted to the odor of narcotics contamination on all belongings. Due to the positive alert, TFO Gonzalez and TFO Lebron asked RODRIGUEZ-Escobar for consent to search his belongings, to which he agreed to the search. While inspecting the suitcase, SA Kluger and TFO Gonzalez located a zip tie on the outside, which is a form of locking the suitcase. TFO Gonzalez asked RODRIGUEZ-Escobar for consent to break the zip tie in order to open the suitcase, to which he agreed. SA Kluger and TFO Gonzalez observed a blue box with a smaller Puerto Rican box attached to it, wrapped in saran wrap inside of RODRIGUEZ-Escobar's suitcase. RODRIGUEZ-Escobar stated he brought it to Puerto Rico as a souvenir. SA Kluger, TFO Gonzalez, and TFO Colon shook the box and heard items moving around inside the box. TFO Gonzalez requested RODRIGUEZ-Escobar to accompany them to a different area in baggage claim for further questioning. RODRIGUEZ-Escobar agreed to accompany SA Kluger, TFO Gonzalez, TFO Colon, and TFO Lebron and took his suitcase with him. TFO Gonzalez once again advised RODRIGUEZ-Escobar he was not under arrest and could leave at any time.

At approximately 12:26 p.m., while in the main baggage claim area, SA Kluger asked RODRIGUEZ-Escobar if he would sign a Consent Form authorizing TFO Gonzalez, TFO Colon, and TFO Lebron to conduct a thorough search of his suitcase. RODRIGUEZ-Escobar agreed and signed the consent form to search his items.

TFO Gonzalez, TFO Colon, and TFO Lebron inspected the suitcase and purse, which resulted in the discovery of $20,485.00 USC (after the official count) inside the purse and Puerto Rican flag box.

Currency denominations:

- 110 x $100.00 = $11,000.00
- 32 x   $50.00 = $1,550.00
- 392 x   $20.00 = $7,840.00
- 6 x   $10.00 = $60.00
- 7 x   $5.00   = $35.00

When SA Kluger asked RODRIGUEZ-Escobar about the provenance of the funds, he reported to have received the money from his friend "Junior", who provided him the money as a favor. RODRIGUEZ-Escobar stated that "Junior" was going to contact him and tell him to hand off the money to a guy. RODRIGUEZ-Escobar stated he did not have a phone number for "Junior" and did not know his real name. RODRIGUEZ-Escobar further stated that this was his first time doing this. SA Kluger asked RODRIGUEZ-Escobar where he was staying and how long he was staying in Puerto Rico. RODRIGUEZ-Escobar stated he was staying with his sister, Glorimar RODRIGUEZ in Caguas, Puerto Rico, and for approximately two to three days. RODRIGUEZ-Escobar stated he did not have his sister's phone number and that he was going to contact her via Instagram. RODRIGUEZ-Escobar further stated that he purchased his phone approximately two months ago, stating it was new, and that he does not save contact phone numbers. RODRIGUEZ-Escobar indicated he has been working at Walmart, located at 3501 S Florida Avenue, Lakeland, Florida; and Circle Gas Station, located at 850 County Line Road, Lakeland, Florida. RODRIGUEZ-Escobar was unable to provide any record of income.

RODRIGUEZ-Escobar stated he estimated he possessed approximately $15,000 to $20,000 USC. RODRIGUEZ-Escobar reported 3182 Pioneer Trails Loop, Lakeland,

Florida as his current address, where he lives with his mother Gloria ESCOBAR.  This is the address reflected in his Florida state driver's license.

SA Kluger and TFO Gonzalez then placed the USC into an evidence plastic bag and sealed it in the presence of RODRIGUEZ-Escobar. TFO Colon obtained a picture of RODRIGUEZ-Escobar with the sealed USC. RODRIGUEZ-Escobar signed a DEA form acknowledging the seizure of the USC. The interview ended at approximately 12:51 p.m.

Immediately after the interview ended, the seized USC was placed in the area of the baggage claim; at which point PRPD K-9 handler Wilfredo Figueroa Calcano and K-9 "Jazz" arrived and conducted a second sniff. "Jazz" immediately went right to the bag where the USC was sealed in and located the USC. "Jazz" indicated positively, for a second time, on the seized USC.

Based on the above mentioned information, the inconsistent statements, the way the USC was concealed and lack of legitimate source of income, the $20,485.00 in USC was seized pursuant to Title 21, United States Code, Section 881 (a)(6) and Title 18, United States Code, Section 981(a)(1)(A).

Based upon my training and experience, participation in other investigations, and facts concerning this investigation, the inconsistent statements, the way the USC was concealed and lack of legitimate source of income, I believe that the $20,485.00 in USC is subject to forfeiture and represents the proceeds of illegal drug trafficking in violation of Title 21, United States Code, Sections 841(a)(1) and 881(a)(6); and money laundering schemes, Title 18,  United States Code, Sections 1956(a)(1)(B)(i), 1957(a) and 981(a)(1)(A).

Sworn and signed under penalty of perjury, pursuant to Title 28, United States

Code, Section 1746.

In San Juan, Puerto Rico this 10th of March 2020.

Danielle Kluger, Special Agent
Drug Enforcement Administration

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)   PLAINTIFFS

UNITED STATES OF AMERICA

## DEFENDANTS

$20,485.00 IN U.S. CURRENCY,

(b)   County of Residence of First Listed Plaintiff

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c)   Attorney's (Firm Name, Address, and Telephone Number)

Maritza González-Rivera, AUSA, 350 Carlos Chardon Ave, Suite
1201, Hato Rey, PR  00918

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
and One Box for Defendant)

(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury  - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☒ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
another district
(specify)

☐ 6   Multidistrict
Litigation

☐ 7   Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Title 21, United States Code, Section 881(a)(6) and 841(a)(1); and Title 18, United States
Code, Sections 1956(a)(1)(B)(i), 1957(a) and 981(a)(1)(A).

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

3/10/2020

SIGNATURE OF ATTORNEY OF RECORD

s/Maritza González

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____



# United States District Court *for the* District of Puerto Rico

## CATEGORY SHEET

1.   Title of Case (Name of first party on each side only)

US v. $20,485.00 in U.S. Currency.

2.   Category in which case belongs: (See Local Rules)

|   X   | ORDINARY CIVIL CASE | CIVIL FORFEITURE |
|-------|---------------------|------------------|
|       | SOCIAL SECURITY     |                  |
|       | BANK CASE           |                  |
|       | INJUNCTION          |                  |

3.   Title and number, if any, of related cases (See Local Rules)

_____

_____

4.   Has a prior action between the same parties and based on the same claim ever been filed in this Court?

☐   YES          X   NO

5.   Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?

☐   YES          X   NO

6.   Does this case question the constitutionality of a state statute (FRCP 24)?

☐   YES          ☒   NO

(Please Print)

USDC ATTORNEY'S ID NO.

USDC # 208801

ATTORNEY'S NAME:

Maritza González-Rivera

MAILING ADDRESS:

TORRE CHARDON, SUITE 1201, 350 CARLOS CHARDON AVE

HATO REY   PR          ZIP CODE          00918

TELEPHONE NO.

787-766-5656